# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LEO WEATHERS,

       Plaintiff,

v.                                                          Case No. 2:08-CV-14788

MUTUAL OF OMAHA INSURANCE COMPANY,

       Defendant.

_____/

## ORDER GRANTING DEFENDANT'S "MOTION TO DETERMINE ARBITRARY AND CAPRICIOUS STANDARD OF REVIEW" AND DENYING PLAINTIFF'S "MOTION TO DETERMINE *DE NOVO* STANDARD OF REVIEW"

Pending before the court are cross-motions to determine the standard of review in an ERISA denial of benefits claim.  Defendant Mutual of Omaha Insurance Company filed its "Motion to Determine Arbitrary and Capricious Standard of Review" on April 8, 2009, and Plaintiff Leo Weathers filed his "Motion to Determine *De Novo* Standard of Review" on April 14, 2009.  Having reviewed the briefs in the case, the court concludes a hearing on the motions is unnecessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the court will grant Defendant's motion and deny Plaintiff's motion.

## I. BACKGROUND

Plaintiff filed a complaint on November 14, 2008 pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*  In his complaint, Plaintiff alleges that Defendant wrongfully denied Plaintiff benefits under a life insurance policy, the "Group Accident Master Policy" ("Plan"), for benefits following the death of Plaintiff's son.  Plaintiff further alleges that Defendant denied his benefits claim on the

basis that the decedent was Plaintiff's ex-wife's dependant rather than Plaintiff's

dependent.

Pursuant to the court's March 4, 2009 scheduling order, on April 10, 2009, the

parties filed cross-motions to determine the standard of review governing Plaintiff's

denial of benefits claim.  The language of the Plan regarding the administrator's review

of claims states:

> Notice of Claim: Written notice of claim must be given to the Company
> within 31 days after the occurrence or commencement of any loss covered
> by the policy. . . .
>
> Proofs of Loss: Written proof of loss must be furnished to the Company at its said
> office in case of claim for loss within ninety days after the date of such loss.
> Failure to furnish such proof within the time required shall not invalidate nor
> reduce any claim if it was not reasonably possible to give proof within such time,
> provided such proof is furnished as soon as reasonably possible and in no event
> except in the absence of legal capacity, later than one year from the time proof is
> otherwise required.
>
> Time of Payment of Claims: Benefits payable under the policy for any loss other
> than Permanent Total Disability Insurance will be paid immediately upon receipt
> of due written proof of such loss.

(Def's. Mot. Ex. 2; Pl.'s Mot. Ex. B.)  In addition, the "Claim Review and appeal

Procedures," applicable to the Plan state: "Once We receive information necessary to

evaluate the claim, We will make a decision within the time periods set forth below."

(Def.'s Mot. Ex. 1; Pl.'s Mot. Ex. C.)

Defendant argues that this language vests discretion in the Plan's administrator,

and thus, the court should find that the arbitrary and capricious standard of review

governs this case.  In response, Plaintiff argues that this language does not vest

discretionary authority in the administrator and consequently, the review should be *de

novo*.

## II.  DISCUSSION

A district court reviews *de novo* denial of benefits claims brought under 29 U.S.C.
§ 1132(a)(1)(B) of ERISA "unless the benefit plan gives the administrator or fiduciary
discretionary authority to determine eligibility for benefits or to construe the terms of the
plan."  *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  If a plan
grants discretion to the administrator, then the claim is reviewed under an arbitrary and
capricious standard of review.  *See Perez v. Aetna Life Ins. Co.,* 150 F.3d 550, 555 (6th
Cir. 1998) (en banc).

In determining whether such discretionary authority exists, the court follows
federal common law rules of contract interpretation, which require the court to "interpret
the Plan's provisions according to their plain meaning, in an ordinary and popular
sense."  *Id.* at 556 (citing *Regents of the Univ. of Michigan v. Agency Rent-a-Car*, 122
F.3d 336, 339 (6th Cir. 1997)).  Whether a plan vests discretionary authority does not
depend on an "incantation of the word 'discretion' or any other 'magic word,'" but the
plan must contain "'a *clear* grant of discretion [to the administrator] to determine benefits
or interpret the plan.'"  *Id.* at 555 (quoting *Johnson v. Eaton Corp.,* 970 F.2d 1569, 1572
n.2 (6th Cir. 1992)) (emphasis in original).

In its motion, Defendant argues that the statement, "[b]enefits payable under the
policy for any loss other than Permanent Total Disability Insurance will be paid
immediately upon receipt of due written proof of such loss," vests discretion in the Plan
administrator because the Sixth Circuit has found that the use of the phrase "due proof"
grants discretion.  (Def.'s Mot. at 4.)  In opposition, Plaintiff argues that the Plan does

3

not clearly grant discretion and is therefore insufficient to permit the application of an arbitrary and capricious standard of review.

In *Perez*, the Sixth Circuit, sitting en banc, found that the language, "[the insurance company] shall have the right to require as part of the proof of claim satisfactory evidence . . . that [the claimant] has furnished all required proofs for such benefits," granted discretionary review of the plaintiff's claim to the plan's administrator. *Perez*, 150 F.3d at 556.  The court reasoned that "under the only reasonable interpretation of the language, [the insurance company] retains the authority to determine whether the submitted proof . . . is satisfactory," *id.* at 557, and therefore, "[a] determination that evidence is satisfactory is a subjective judgment that requires a plan administrator to exercise his discretion," *id.* at 558.

Not only did the Sixth Circuit in *Perez* find that the phrase "satisfactory evidence" granted discretionary review to the plan's administrator, in deciding *Perez*, the court also favorably cited as authority *Patterson v. Caterpillar, Inc.*, 70 F.3d 503 (7th Cir. 1995), for the proposition that the phrase "due proof" was sufficient to grant a plan's administrator discretionary decision-making authority.  *Perez*, 150 F.3d at 556. *Patterson* held that the language, "benefits will be payable only upon receipt by the Insurance Carrier or Company of . . . due proof . . . of such disability," constituted a grant of discretion to the plan's administrator.  *Patterson*, 70 F.3d at 505.   Likewise, *Perez* cited favorably *Caldwell v. Life Ins. Co. of North Am.*, 959 F. Supp. 1361, 1365 (D. Kan. 1997), for the proposition that the phrase "due proof" granted discretionary review to a plan's administrator.  *Perez*, 150 F.3d at 556.  *Caldwell* found that a requirement that "[t]he Insurance Company will begin paying Monthly Benefits in

4

amounts determined from the Schedule when it receives due proof," *Caldwell*, 959 F.
Supp. at 1365, granted discretionary review to the plan's administrator because the
administrator "'must out of necessity examine the evidence submitted by the claimant to
determine whether or not it amounts to "proof." . . . In short, plan language which
requires a claimant to submit 'proof' of a claim does, by its very nature, grant discretion
to the plan administrator to determine eligibility for benefits,'" *id.* (quoting *Bollenbacher
v. Helena Chemical Co.*, 926 F. Supp. 781, 787 (N.D. Ind. 1996)).

In his motion, however, Plaintiff argues that *Hoover v. Provident Life and
Accident Ins. Co.,* 290 F.3d 801 (6th Cir. 2002), contains language more similar to the
Plan in this case than that of *Perez.* In *Hoover,* a panel of the Sixth Circuit held that an
insurance plan did not vest discretionary authority in the administrator. *Hoover,* 290
F.3d at 808. The plan stated that "[i]f the policy provides for periodic payment for a
continuing loss, *[the policy holder] must give [the insurance company] written proof of
loss.*" *Id.* at 808 (emphasis in original). Payment would be made upon receipt of
*"proper written proof,"* and the insurance company could *"require any proof which we
consider necessary* to determine [the policy holder's] Current Monthly Income and Prior
Monthly Income." *Id.* (emphasis in original). The *Hoover* panel reasoned that the plan
"permit[s the Insurance Company] only to require proof to determine financial loss" and
is not "a grant of discretion in determining whether [the plaintiff] suffers from a medical
condition rendering her unable to work." *Id.* The panel further reasoned that a
requirement "that the insured submit written proof of loss, without more" is insufficient to
establish a clear grant of discretion. *Id.* Absent a clear grant of discretion to determine

5

eligibility for benefits, the court held that "determinations regarding [the plaintiff's] . . . benefits should have been reviewed *de novo.*"  *Id.*

The language of the Plan in this case states that benefits for loss "will be paid immediately upon receipt of due written proof of such loss." (Def's. Mot. Ex. 2; Pl.'s Mot. Ex. B.)  In its "Claim Review and Appeal Procedures," the Plan continues that "[o]nce We receive information necessary to evaluate the claim, We will make a decision within the time periods set forth below." (Def.'s Mot. Ex. 1; Pl.'s Mot. Ex. C.)  In *Perez,* the Sixth Circuit stated that the inclusion of the phrase "due proof" was sufficient to grant discretion to a plan administrator.  *See, e.g., Perez*, 150 F.3d at 556 (quoting *Patterson*, 70 F.3d at 505).  Subsequent panels of the Sixth Circuit have also found the language "due proof" sufficient to grant discretion to a plan administrator.  *See, e.g., Leeal v. Cont'l Casualty Co.*, 17 F. App'x 341, 343 (6th Cir. 2001).[1]  In *Fendler v. CNA Group Life Assurance Co.*, 247 F. App'x 754 (6th Cir. 2007), the panel stated, that "[o]ur circuit has repeatedly held that this 'due proof' language confers discretion on the claims administrator to determine what type of proof is 'due,' such that the court must apply the arbitrary and capricious standard of review." *Id.* at 759 (citing *Leeal*, 17 F. App'x at 343).  Therefore, as the Sixth Circuit has repeatedly found, giving a plan administrator the authority to require "due written proof," requires the administrator to make a determination regarding what proof is "due" such that the administrator has

_____

[1] Unpublished decisions in the Sixth Circuit are not binding precedent, *Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir. 1996) (holding that unpublished opinions "carry no precedential weight [and] . . . have no binding effect on anyone other than the parties to the action"), but their reasoning may be "instructive" or helpful, *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 593 (6th Cir. 2004).

6

discretionary review over a claim.  *See also* Merriam-Webster Dictionary, *available at* http://www.merriam-webster.com/dictionary/due (last visited Jun. 7, 2009) (defining "due" as "satisfying or capable of satisfying a need, obligation, or due[;] adequate").

In addition to granting the administrator discretion in the requirement of "due written proof," Defendant also reserves the right in the Plan to "make a decision" only after Defendant receives "information necessary to evaluate the claim."[2]  (Def.'s Mot. Ex. 1-3; Pl.'s Mot. Ex. C-1.)  What "information" is "necessary" is left to Defendant's discretion to request as Defendant deems necessary or appropriate on a case-by-case basis.  This language, in combination with the requirement that Plaintiff submit "due written proof of loss," vests discretion in Defendant.

The language of the Plan can be distinguished from the policy examined by the Sixth Circuit in *Hoover.*  In *Hoover*, the policy required only "written proof of loss," rather than "due written proof," such that no discretion was granted to the plan's administrator. *Hoover*, 290 F.3d at 808.  And, even though the policy in *Hoover* required "proper written proof" and "any proof which we consider necessary to determine . . . Income," the *Hoover* panel held that, at most, this granted the plan administrator discretionary review regarding the monetary loss amount itself but not discretionary review of the

---

[2] Plaintiff argues that this provision, located in the "Claim Review and Appeal Procedures" of the Plan, provides only a "step by step time line in which to submit collected written proof of loss," rather than substantive rules regarding the standard of review.  (Pl.'s Mot. at 6.)  However, Plaintiff offers no authority for this distinction, and the court finds the assertion, without more, unpersuasive.  The language of the provision at issue, itself, requires "information necessary to evaluate the claim" within prescribed time limits; thus, it both makes substantive requirements and sets deadlines. (Def.'s Mot. Ex. 1; Pl.'s Mot. Ex. C.)

claim itself.  *Id.*  However, the Plan in the instant case does not contain this limiting language, and, provides a clear grant of discretion to the Plan's administrator.

Finally, this court's decision is further bolstered by the recent opinion of Chief Judge Gerald E. Rosen of this district in *Schornhorst v. Ford Motor Co.*,  No. 07-cv-12700, 2009 WL 275727, at *2-3 (E.D. Mich. Feb. 5, 2009).  In *Schornhorst*, the court analyzed the same Plan at issue in this case and found that it granted discretion to the administrator.  Because the language of the Plan grants discretion to the administrator regarding determinations of benefits claims, the court will apply the arbitrary and capricious standard to review Plaintiff's denial of benefits claim.

## III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's "Motion to Determine Arbitrary and Capricious Standard of Review" [Dkt. # 9] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Determine *De Novo* Standard of Review" [Dkt. # 12] is DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 9, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 9, 2009, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\08-14788.WEATHERS.ERISA.Standard.of.Review.ljd.wpd